# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-----------------------------------------------------------------------X
COUNTY OF ULSTER and NEW YORK
STATE LOCAL GOVERNMENT SERVICES
FOUNDATION, INC. as attorney-in-fact for          Index No.
NEW YORK MUNICIPAL INSURANCE RECIPROCAL,          Date Purchased:

                Plaintiffs,

             - against -                                     **SUMMONS**

ALLIANCE OF NONPROFITS FOR INSURANCE
RISK RETENTION GROUP, JEWISH FAMILY
SERVICES OF ULSTER COUNTY, INC. and
JOYCE A. NORTHACKER,

                Defendants.
-----------------------------------------------------------------------X
To the above-named Defendants:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of venue designated above is the principal place of business of plaintiff County of Ulster.

Dated: Uniondale, NY
       March 22, 2021

                              CONGDON, FLAHERTY, O'CALLAGHAN,
                              TRAVIS & FISHLINGER
                              *Avis Spencer Decaire*
      BY:     _____
                              AVIS SPENCER DECAIRE
                              Attorneys for Plaintiffs
                              Office & P.O. Address

NYSCEF DOC. NO. 1

INDEX NO. EF2021-733
RECEIVED NYSCEF: 03/22/2021

Case 1:21-cv-00524-DNH-DJS   Document 2   Filed 05/05/21   Page 3 of 14

333 Earle Ovington Blvd.
Suite 502
Uniondale, NY 11553

TO:     ALLIANCE OF NONPROFITS FOR INSURANCE
RISK RETENTION GROUP
*Via NYS Department of Financial Services*

JEWISH FAMILY SERVICES OF ULSTER COUNTY, INC.
*Via NYS Secretary of State*

JOYCE A. NORTHACKER
28 Pine Hill Rd.
Pine Hill, New York 12465

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
------------------------------------------------------------------X
COUNTY OF ULSTER and NEW YORK
STATE LOCAL GOVERNMENT SERVICES
FOUNDATION, INC. as attorney-in-fact for
NEW YORK MUNICIPAL INSURANCE RECIPROCAL,

                         Plaintiffs,

                   - against -

ALLIANCE OF NONPROFITS FOR INSURANCE
RISK RETENTION GROUP, JEWISH FAMILY
SERVICES OF ULSTER COUNTY, INC. and
JOYCE A. NORTHACKER,

                         Defendants.
------------------------------------------------------------------X

Index No.
Date Purchased:

**VERIFIED COMPLAINT**

     Plaintiffs, by and through their attorneys, CONGDON, FLAHERTY, O'CALLAGHAN, TRAVIS & FISHLINGER, as and for their complaint seeking a judgment declaring the legal rights, duties and obligations of the parties to this action, allege as follows:

1. That at all times hereinafter mentioned, plaintiff COUNTY OF ULSTER (hereinafter "COUNTY"), was and remains municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

2. That at all times hereinafter mentioned, plaintiff NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. (hereinafter "FOUNDATION") was and remains a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, plaintiff NEW YORK MUNICIPAL INSURANCE RECIPROCAL (hereinafter "NYMIR") was and remains a duly licensed Reciprocal Insurance Company, duly organized and existing under and by virtue of the

laws of the State of New York and having its principal place of business located at 146 State Street, Albany, NY 12207.

4. That at all times hereinafter mentioned, plaintiff FOUNDATION was and remains the attorney-in-fact for the plaintiff NYMIR.

5. That upon information and belief, at all times hereinafter mentioned, and on January 8, 2018, defendant ALLIANCE OF NONPROFITS FOR INSURANCE RISK RETENTION GROUP ("ANI") was and remains a domestic insurer duly licensed to do business in the State of New York.

6. That upon information and belief, at all times hereinafter mentioned, and on January 8, 2018, defendant ANI was and remains a foreign insurer duly authorized to do business in the State of New York.

7. That upon information and belief, at all times hereinafter mentioned, and on January 8, 2018, defendant JEWISH FAMILY SERVICES OF ULSTER COUNTY, INC. ("JFS") was and remains an unincorporated association consisting of two or more persons, existing under and by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned the defendant JFS was and remains a partnership duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned the defendant JFS was and remains a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned the defendant JFS was and remains a foreign corporation duly licensed to do business in the State of New York.

11. That at all times hereinafter mentioned the defendant JFS was and remains a limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

12. That at all times hereinafter mentioned the defendant JFS was and remains a limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

13. That Defendant JFS has been joined because its rights may be affected by the determination of this action.

14. That upon information and belief, at all times hereinafter mentioned, and on January 8, 2018, defendant JOYCE A. NORTHACKER ("NORTHACKER") was and remains a resident of the State of New York, County of Ulster, residing at 28 Pine Hill Rd., Pine Hill, New York 12465.

15. That Defendant NORTHACKER has been joined because her rights may be affected by the determination of this action.

**The Injury**

16. That upon information and belief, on January 8, 2018 Barbara Hyde ("Hyde"), deceased, was the owner and operator of an automobile which was involved in a collision with another vehicle.

17. That upon information and belief, on January 8, 2018 NORTHACKER was a passenger in the automobile owned and operated by Hyde.

18. That on or about February 19, 2019, NORTHACKER commenced litigation in Supreme Court, Ulster County captioned, *Joyce A. Northacker v. Ulster County Office For the Aging, Jewish Family services of Ulster County Carla F. Bryant and Ulster County Area*

*Transit,* and bearing Ulster County Index Number 19-568 (hereinafter the "*Northacker* Action"). *A copy of the Northacker Summons and Complaint is annexed hereto as Exhibit A.*

19. The in the *Northacker* Complaint, NORTHACKER seeks damages for bodily injuries allegedly incurred during the January 8, 2018 collision.

20. That in the *Northacker* Complaint, NORTHACKER alleges that at the time of the collision Hyde was working on behalf and at the direction of JFS.

**The Agreement For Professional Services**

21. That prior to the accident the County entered into an agreement with JFS for volunteer and program coordination services for senior caregivers (the "JFS Agreement").

22. That the JFS Agreement provides that JFS will provide transportation to senior citizens in collaboration with the Ulster County Office for the Aging ("OFA") in accordance with transportation eligibility.

23. That the Agreement provides that JFS's volunteer drivers shall drive their personal vehicles to provide transportation.

24. That the Agreement provides that JFS will recruit, train and monitor its volunteers in connection with its collaboration with and the County OFA.

25. That upon information and belief, at the time of the collision, Hyde was a volunteer for JFS.

26. That upon information and belief, at the time of the collision, Hyde was within the scope of her volunteer duties with JFS.

### Hyde's Personal Auto Policy

27. That upon information and belief, on the date of the injury Hyde was provided personal auto coverage by the Government Employees Insurance Company ("GEICO").

28. That upon information and belief, the GEICO personal auto policy issued to Hyde had limits of $300,000 per person /$500,000 per occurrence.

29. That upon information and belief, GEICO has tendered its full policy to NORTHACKER.

### The NYMIR Commercial Auto Policy Issued to the COUNTY

30. That on the date of the injury plaintiff NYMIR provided the COUNTY with Commercial Auto Insurance under policy number MCAULST001 ("the NYMIR CAP").

31. That NYMIR has been providing the COUNTY with a defense in the *Northacker* Action under the NYMIR CAP.

32. That the NYMIR Policy provides excess coverage for injuries involving non-owned "autos".

### The ANI Commercial Auto Policy

33. That upon information and belief, prior to January 8, 2018, JFS purchased a Business Auto Policy of insurance from the defendant ANI (hereinafter the "ANI Policy").

34. That upon information and belief the ANI Policy was in effect on January 8, 2018.

35. That upon information and belief the ANI Policy has combined single limits of $1,000,000.

36. That upon information and belief the ANI Policy provides liability coverage for "All sums an 'insured' legally must pay as damages because of 'bodily injury'…to which this

insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered auto."

37. That the ANI Business Auto Policy contains the Social Services Agencies – VOLUNTEERS AS INSUREDS ENDORSEMENT [CA 99 34 12 93] which includes as an insured, "anyone volunteering services to you…while using a covered 'auto' you don't own, hire or borrow to transport your clients or other person in activities necessary to your business. Anyone else who furnishes that 'auto' is also an 'insured'."

38. That the ANI Business Auto Policy is a primary policy that provide excess coverage for non-owned autos.

39. That the "Other Insurance" provision to the ANI Business Auto Policy provides:

   a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

   \*   \*   \*

   d. When this Coverage Form and any valid and collectible insurance under any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

40. That the ANI "Other Insurance" provision contains the following language:

   c. Regardless of the provisions of Paragraph a. above, this coverage form's liability Coverage is primary for any liability assumed under an "insured contract."

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ANI

41. That Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "40" as if set forth more fully herein.

42. That Hyde qualifies as an "insured" under the ANI Policy with respect to the *Northacker* Claim and Action.

43. That the Hyde vehicle is a covered "auto" under the ANI Policy with respect to the *Northacker* Claim and Action.

44. That since the Hyde vehicle is a covered "auto" under the ANI Policy, the ANI Policy provides coverage in connection with the *Northacker* Claim and Action.

45. That Hyde is a mutual insured under both the ANI and NYMIR auto policies.

46. That proper and timely notice of the *Northacker* Claim and Action was provided to the defendant ANI

47. That defendant ANI has denied coverage in connection with the *Northacker* Claim and Action.

48. That the defendant ANI has compelled the plaintiffs to institute the within action to obtain a declaration of their rights under the ANI Policy.

49. That an actual controversy exists between the parties, requiring adjudication by this Court pursuant to N.Y. CPLR 3001.

50. That plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ANI

51. That Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "49" as if set forth more fully herein.

52. That since Hyde was a mutual insured of both NYMIR and ANI, if a judgment or settlement in the *Northacker* Action exceeds the limits of the GEICO personal auto policy issued to Hyde, ANI is obligated to contribute towards the second layer of

indemnity coverage together with the NYMIR CAP on a 50/50 basis up to its policy limits.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ANI

53. That Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "53" as if set forth more fully herein.

54. That in the *Northacker* Action the County has asserted a cross-claim against JFS for contractual indemnification.

55. That if the County is successful in its cross-claim against JFS for contractual indemnification, the ANI Policy provides primary coverage and must be exhausted before the NYMIR CAP is reached.

WHEREFORE, Plaintiffs, COUNTY OF ULSTER and NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE RECIPROCAL, respectfully request:

A. That **declaratory judgment** be made and entered herein, adjudging and declaring that: (1) at the time of the injury Hyde was acting within the course and scope of her status as a volunteer with JFS; (2) that Hyde is an insured under the ANI Policy in connection with the *Northacker* Action; (3) that if a judgment or settlement in the *Northacker* Action exceeds the limits of the GEICO personal auto policy issued to Hyde, ANI is obligated to contribute towards the third layer of indemnity coverage together with the NYMIR CAP; and (3) that the contribution as between the ANI Business Auto Policy and the NYMIR CAP is to be ratably shared by proportion on a 50/50 basis.

B. That **declaratory judgment** be made and entered herein, adjudging and declaring that if the COUNTY is successful in its cross-claim for contractual indemnification, the ANI

Business Auto Policy provides primary coverage and must solely provide the second layer of coverage up to its policy limits without contribution from NYMIR.

C. Together with such other and further relief as this Court may deem just and proper.

Dated: Uniondale, NY
March 22, 2021

                                  CONGDON, FLAHERTY, O'CALLAGHAN,
                                  TRAVIS & FISHLINGER
                                  *AVIS SPENCER DECAIRE*

BY: _____
                                  AVIS SPENCER DECAIRE
                                  Attorneys for Plaintiffs
                                  Office & P.O. Address
                                  333 Earle Ovington Blvd.
                                  Suite 502
                                  Uniondale, NY 11553

## VERIFICATION

STATE OF NEW YORK )
                              ss.:
COUNTY OF ALBANY )

That deponent is the Executive Director of the NEW YORK MUNICIPAL INSURANCE RECIPROCAL, the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

KEVIN CRAWFORD

Sworn to before me this
17th day of March 2021

_____
Notary Public

THOMAS KRAUPNER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KR6301010
Qualified in Albany County
My Commission Expires April 14, 2022

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

COUNTY OF ULSTER and NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE RECIPROCAL,

       - against-

ALLIANCE OF NONPROFITS FOR INSURANCE RISK RETENTION GROUP, JEWISH FAMILY SERVICES OF ULSTER COUNTY, INC. and JOYCE A. NORTHACKER,

          Defendants.

**SUMMONS and VERIFIED COMPLAINT**

      **CONGDON, FLAHERTY, O'CALLAGHAN,
      TRAVIS & FISHLINGER, ESQS**.
      *Attorneys for Plaintiffs*
      The Omni
      333 Earle Ovington Boulevard, Suite 502
      Uniondale, NY 11553-3625
      (516) 542-5900
      TELEFAX NO. (516) 542-5912

TO:  ALL PARTIES

Service of a copy of the within

      Is hereby admitted.