UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COUNTY OF ULSTER, NEW YORK
STATE LOCAL GOVERNMENT
SERVICES FOUNDATION, INC.,
and NEW YORK MUNICIPAL
INSURANCE RECIPROCAL,

                Plaintiffs,

              -v-             1:21-CV-524

ALLIANCE OF NONPROFITS FOR
INSURANCE RISK RETENTION
GROUP, JEWISH FAMILY
SERVICES OF ULSTER COUNTY,
INC., and JOYCE A. NORTHACKER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER<br>Attorneys for Plaintiffs<br>333 Earle Ovington Boulevard<br>Uniondale, NY 11553 | MICHAEL T. REAGAN, ESQ.<br>RICHARD J. NICOLELLO, ESQ.<br>THOMAS M. EVANS, ESQ. |
| BENNETT, BRICKLIN & SALTZBURG, LLC<br>Attorneys for Defendant Alliance of Nonprofits for Insurance Risk Retention Group<br>40 Wall Street, Suite 1002<br>New York, NY 10005 | JOSEPH DeDONATO, ESQ. |

DAVID N. HURD
United States District Judge

## ORDER GRANTING DECLARATORY RELIEF

On March 22, 2021, plaintiffs County of Ulster (the "County"), New York State Local Government Services Foundation, Inc. (the "Foundation"), and New York Municipal Insurance Reciprocal ("NYMIR") filed this civil action in Supreme Court, Ulster County, seeking a declaratory judgment against defendants Alliance of Nonprofits for Insurance Risk Retention Group ("ANI"), Jewish Family Services of Ulster County, Inc. ("JFS"), and Joyce A. Northacker ("Northacker").[1]  Briefly stated, plaintiffs' verified state-court complaint sought a determination that an insurance policy issued by ANI covered a car accident in which defendant Northacker was a passenger.

On May 5, 2021, defendants removed the action to this forum, where it was assigned to Senior U.S. District Judge Gary L. Sharpe.  Thereafter, defendants answered and asserted counter-claims seeking a declaratory judgment that the same policy does not provide the coverage.[2]  Dkt. No. 6.  After mediation failed, Dkt. No. 19, the parties cross-moved for summary judgment on the coverage issue(s) raised by the two policies: one issued by ANI; the other issued by NYMIR.  Dkt. Nos. 22, 23, 26, 27, 28, 29, 32, 33.

---

[1] Neither JFS nor Northacker ever appeared in this action.  Dkt. No. 34 at 2 n.1.  Despite being invited to do so, plaintiffs have failed to seek default judgment against them.

[2] The underlying personal injury cases were resolved in an arbitration.  Dkt. No. 34 at 7.

- 2 -


On January 9, 2024, Judge Sharpe granted plaintiffs' motion and denied defendants' motion in a thorough, thirty-two-page Memorandum-Decision and Order.  Dkt. No. 34.  There, Judge Sharpe found that the ANI policy at issue provided primary coverage while the NYMIR policy provided excess coverage.  *Id*. at 28.  In short, Judge Sharpe concluded that, if the deceased driver was found responsible for defendant Northacker's injuries in the underlying personal injury actions, the driver's GEICO policy would be on the hook to pay first, followed by ANI's insurance policy (held by defendant JFS), followed finally by the NYMIR insurance policy (held by the County).  *See id*.

However, Judge Sharpe's January 9 Order recognized that there were two issues left unresolved: *first*, what to do about JFS and Northacker, who never appeared in this action; and *second*, how to reconcile a discrepancy between the relief requested in plaintiffs' complaint and the relief they sought in their summary judgment briefing.  Accordingly, Judge Sharpe's January 9 Order directed (1) plaintiffs to submit a proposed declaratory judgment and gave ANI an opportunity to respond to that proposal; and (2) plaintiffs to file a status report regarding JFS and Northacker's failure to appear.  Dkt. No. 34.

Thereafter, plaintiffs filed a status report in which they informed Judge Sharped that JFS and Northacker "are nominal defendants who have failed to appear in this matter."  Dkt. No. 36.  Plaintiffs also submitted a proposed

declaratory judgment along with certain supporting briefing in accordance with the January 9 Order. Dkt. No. 38. ANI has responded. Dkt. No. 39.

On February 21, 2024, the matter was reassigned to this Court for a decision. Dkt. No. 40. Upon review of the parties' submissions, Dkt. No. 36, 37, 38, 39), and upon consideration of the prior filings in this matter, it is

ORDERED that

1. declaratory judgment be entered that:

    (1) in the underlying actions of *Joyce A. Northacker v. Burton Gulnik, Jr., as Administrator of the Estate of Barbara A. Hyde*, brought in the Supreme Court, County of Ulster under Index # EF2019-1389, and *Joyce A. Northacker v. Ulster County Office for the Aging, Jewish Family Services for Ulster County, Carla F. Bryant and Ulster County Area Transit,* brought in the Supreme Court, County of Ulster under Index # EF2019-568 (hereinafter "the Underlying Actions"), the Estate of Barbara Hyde is entitled to coverage under the automobile liability policy (Policy No. 2017-44189) issued by defendant Alliance for Nonprofits for Insurance Risk Retention Group (ANI) to Jewish Family Services of Ulster County, Inc. (hereinafter "the ANI Policy");

    (2) in the Underlying Actions, the County of Ulster is an "insured" under the ANI Policy, to the extent it is held liable for the alleged negligence of Barbara Hyde, (deceased); and

(3) if judgments and/or settlements in the Underlying Actions exceed the limits of the GEICO personal auto policy issued to Barbara Hyde, (deceased), the ANI Policy is the next layer of coverage and the policy issued by New York Municipal Insurance Reciprocal to the County of Ulster (Policy No. MCAULST001) is excess to the GEICO and ANI policies; and

2. Defendants Jewish Family Services of Ulster County, Inc. and Joyce A. Northacker are *sua sponte* DISMISSED as defendants from this action.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated:  May 15, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge